DECISION
Plaintiff has appealed Defendant's disqualification of 7.25 acres of land from farm use special assessment for the 2008-09 tax year. Trial was held by telephone November 5, 2008. Plaintiff appeared on his own behalf. Defendant was represented by David Evans, Farm/Forest Appraiser, Lane County Assessor's office.
 I. STATEMENT OF FACTS
Plaintiff currently owns approximately 18 acres of land in Blachly, Oregon, identified as Account 0525772 (Map 17-08-02-00-01700). Plaintiff originally purchased a 65 acre parcel in 1987, but then "lost" all but 18 acres in a divorce. This appeal involves a portion of the 18 acres.
The 18 acres are zoned exclusive farm use (EFU) and have received beneficial property tax treatment under Oregon's farm use special assessment program for several years. By letter dated May 15, 2008, Defendant disqualified 7.25 acres of the property from farm use special assessment based on a determination that the property was not being farmed. The disqualification caused the portion affected to be valued at non-specially assessed values and taxed accordingly, beginning with the 2008-09 tax year. *Page 2 
Defendant allowed 0.5 acres to remain in farm deferral because that area is planted with blueberry bushes. Defendant also allowed 10.45 acres to remain in farm deferral as a farm woodlot. Representatives from the assessor's office visited the subject property and determined that the remaining 7.25 acres were not being farmed. Plaintiff insists that he is farming the disputed acreage and that the property has been farmed on and off since 1987.
Plaintiff submitted 102 exhibits in support of his claim that he is farming the property. Defendant submitted a two-page narrative in support of its disqualification and an aerial photograph of the subject property (the entire 18 acres) that was taken in 2005. Plaintiff has submitted receipts for farm fuel, miscellaneous receipts for irrigation, seed, fertilizers, plumbing supplies, fencing, tools, concrete, and nails and screws. All the receipts are for transactions occurring in calendar year 2008. Plaintiff also submitted photographs of his German Shepherd dogs (that he uses to protect the property) which are used as a source of income by breeding and selling puppies, and receipts for food and veterinarian care related to those animals. Finally, Plaintiff submitted photographs of blueberries and green beans bagged for sale or barter, and a check in the amount of $200 for the sale of hay in July 2008. Included among the photographic evidence Plaintiff submitted are photos of a fenced garden area where vegetables are grown, another fenced area where blueberries are grown, and a large plastic greenhouse.
Plaintiff testified that his farm income comes primarily from bartering and represents the imputed value of farm products grown on the property. Plaintiff has not filed federal farm schedules (Schedule F) reporting his farm income, nor apparently did he include income from farming elsewhere on his federal or state income tax returns. *Page 3 
 II. ANALYSIS
Under ORS 308A.062(1), [1] "[a]ny land that is within an exclusive farm use zone and that is used exclusively for farm use shall qualify for farm use special assessment under ORS 308A.050 to 308A.128." The term "farm use" is defined in ORS 308A.056(1) "the current employment of land for the primary purpose of obtaining a profit in money by [raising and selling crops, livestock, poultry, dairying, etc.]."
The definition includes two primary requirements. First, the land must be "current[ly] employ[ed]" in one or more of the statutorily enumerated farming activities. ORS 308A.056(1). Second, the farming activity must be engaged in for the "primary purpose of obtaining a profit in money." Id.
However, unlike land not within an exclusive farm use zone (non-EFU), which by statute is subject to certain income requirements, land zoned EFU need not actually generate any income. ORS 308A.068(1)(a) (providing that non-EFU land meet the income requirements in ORS 308A.071); ORS308A.071 (setting forth the income requirements).[2]
In Everhart v. Department of Revenue, the Tax Court stated that "use of the word "current" refers to the present use of the land and suggests that the past or future use is largely irrelevant." 15 OTR 76, 79
(1999). The court went on to state that "the law ignores the past, and any intentions with regard to future use." Id. at 81. The court further stated that "[it] is also clear that the legislature viewed bona fide farms as those farms that produced products or crops sold in the open market[]" and that "[s]mall operations such as raising chickens for family use or a few pigs to trade with a neighbor for some other product or service do not qualify." Id. at 80. The administrative rule provides: "[t]he law seeks to give the benefits of ORS 308A.062 and *Page 4 308A.068 to that farmland which is operated primarily for the purpose of obtaining a profit in money." OAR 150-308A.056(3)(a).
There is a question in this case about whether Plaintiff is farming primarily to obtain "a profit in money." ORS 308A.056(1). Plaintiff testified that he consumes much of what he grows on the land. Moreover, Plaintiff testified that he has farmed "on and off" over the years. That characterization is more descriptive of a hobby farmer than an individual intending to make a profit from a bona fide farming operation. As for the income and expenses associated with the breeding and sale of German Shepherds, that activity is not a qualifying farm use.[3] The evidence does suggest that Plaintiff is making efforts to expand his farming operation, which may bode well for future years. The appeal, however, concerns tax year 2008.
The primary obstacle preventing Plaintiff from prevailing in this matter is a lack of sufficient evidence that Plaintiff is farming the 7.25 acres Defendant disqualified. The burden of proof in the Tax Court is a "preponderance" of the evidence, and falls upon the party seeking affirmative relief which, in this case, is Plaintiff. ORS 305.427. The Oregon Supreme Court as stated that:
 "`Preponderance' derives from the Latin word `praeponderare,' which translates to `outweigh, be of greater weight.' 8 Oxford English Dictionary 1289 (1933). With regard to the burden of proof or persuasion in civil actions, it is generally accepted to mean the greater weight of evidence."
Riley Hill General Contractor v. Tandy Corp., 303 Or 390, 394, 737 P2d 595
(1987). This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971).
The court finds that Plaintiff has not demonstrated by a preponderance of the evidence that he is engaged in farming on the 7.25 acres. For example, the blueberries that Plaintiff is *Page 5 
trading or selling are raised on a roughly one-half acre portion of the property that Defendant has granted farm use special assessment. Plaintiff also spoke of raising and "selling" mushrooms, but the mushrooms are raised in the timber that is receiving special assessment and is not part of the 7.25 acres in dispute. Plaintiff did not establish where the hay or vegetables are grown or how much land they occupy. Plaintiff testified that his primary goal has been to build a house on the property and that the "county" required him to put in five acres of blueberries before he could build his home.
 III. CONCLUSION
On the evidence before it, the court concludes that Plaintiff has simply failed to provide convincing evidence that he is farming the disputed acreage. Accordingly, Defendant's disqualification stands. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal, seeking reinstatement of 7.25 acres of land into farm use special assessment for the 2008-09 tax year, is denied.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 26,2009. The Court filed and entered this document on February 26, 2009.
[1] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2007.
[2] The statutory requirements for special assessment for land zoned EFU contain no income requirements. ORS 308A.062.
[3] "[B]reeding, raising, kenneling or training greyhounds for racing" does qualify. ORS 308A.056(3)(k). *Page 1